## OBER et al. v. WHITE (two cases).[*]

(Circuit Court of Appeals, Third Circuit.
March 3, 1926. Rehearing Denied
April 7, 1926.)

Nos. 3394, 3395.

1. Corporations ⬡⇒560(4)—Receivers of mortgage company, creature of Ohio corporation, held not entitled to recover from receivers of Pennsylvania corporation, another creature of Ohio corporation, for stock of mortgage company sold by Pennsylvania corporation, which had made full accounting to Ohio corporation.

Where, in pursuance of operations defrauding public in sale of stock, Ohio corporation had its creature, a Pennsylvania corporation, unload stock of mortgage company, another of its creatures, held, that receivers of mortgage company, after appointment of receivers for all companies, have no right to fund in hands of receivers of Pennsylvania corporation, with whom it had no contractual or trust relation, which cannot be traced to stock subscriptions, particularly since Pennsylvania corporation had more than fully accounted to Ohio corporation for all moneys received by it from sale of such stock.

2. Corporations ⬡⇒560(4)—Mortgage company's receivers were entitled to return of fund forwarded to corporation selling its stock for purpose of paying dividends thereon; such fund having been deposited in special fund, and so remaining until receivership of both companies.

Where fund forwarded to Pennsylvania corporation engaged in selling stock of mortgage company, for specific purpose of paying dividends on mortgage company's stock was deposited in special fund, so remaining until receivership of both companies, mortgage company's receivers were entitled to such fund.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Separate suits by Franklin S. Zelly and others against the R. L. Dollings Company of Pennsylvania and others for the appointment of a receiver, wherein Thomas Raeburn White was appointed receiver, and by the Crane Ice Cream Company against Thomas Raeburn White, receiver of the R. L. Dollings Company of Pennsylvania to reclaim moneys, wherein cross-bill was filed on behalf of the International Note & Mortgage Company also asserting a reclamation claim, for whom Thomas K. Ober, Jr., and another, were substituted as plaintiffs in cross-bill, on their appointment as ancillary receivers of the International Note & Mortgage Company. From decrees in each case denying the claims of Thomas K. Ober, Jr., and another, ancillary receivers of the International Note & Mortgage Company, they appeal. Affirmed in part, and reversed in part.

*Certiorari denied 46 S. Ct. 630, 70 L. Ed. ——.

11 F.(2d)—53

Ulric J. Mengert, William E. Mikell, Jr., Albert Smith Faught, and J. Hector McNeal, all of Philadelphia, Pa., Henry A. Williams, of Columbus, Ohio, and Maurice B. Saul and Owen J. Roberts, both of Philadelphia, Pa., for appellants.

Francis F. Burch, Percival H. Granger, and Thos. Raeburn White, all of Philadelphia, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. This case involves the distribution of two different funds in the hands of the receivers of the R. L. Dollings Company, a corporation of Pennsylvania. The first fund, some $500,000, is the proceeds of the assets of that company, and was in no way earmarked or connected with any trust. Without entering into a detailed description of the Dollings operations, it suffices to say that all the companies here involved were links in a chain of corporations whose purpose and successful sphere of operations was defrauding the public in the sale of stocks. In the course of these fraudulent operations, the Dollings Company of Ohio had its corporate creature, the Dollings Company of Pennsylvania, unload on the public the stock of the International Note & Mortgage Company of Ohio, another of its corporate creatures. The Pennsylvania Company so sold, and thereby became accountable to the Dollings Company of Ohio for some $500,000, when the receivership of all these companies came about. But it also appeared that during these transactions the Dollings Company of Ohio had received advances, or otherwise become accountable to the Pennsylvania Dollings Company, to an amount largely in excess of this $500,000. The situation is summarized by the court below as follows:

"The basis of the claim in either of its aspects is a fact. The master disposes of the fact respecting the trust fund by finding that there is no fund earmarked or otherwise which can be traced to these stock subscriptions. He disposes of the debt claim by his finding that the Pennsylvania Dollings Company had no contractual or trust relations or relations of any kind with the International Company. The only dealings it had and the only relations it sustained were with the Dollings Company of Ohio. For the latter company the Pennsylvania Company, it is true, sold stock, but it had not only fully but had overaccounted for all moneys received, so that when the crash came

the state of accounts between them stood in favor of the Pennsylvania Company in a sum of approximately $1,000,000. It is likewise true that moneys which represented proceeds from the sale of the International Company stock were included in what the Pennsylvania Company received. These moneys, however, belonged, so far as concerned the Pennsylvania Company, to the Ohio Company, to which they were not only paid, but overpaid. There was in consequence no indebtedness of the Pennsylvania Company to the International Company, or to any one, for that matter, which arose. The transaction was that of an underwriting of an issue of stock of the International Company by the Ohio Company, the issue of the stock to the latter company for the purposes of the underwriting agreement, the sale of shares to investors, who thereby became stockholders of the International, the deposit with the Pennsylvania Company of some of the money from these sales to the credit and order of the Ohio Company, and the overpayment of the moneys to the Ohio Company."

[1] Without entering into further details, we limit ourselves to saying that we agree with the findings of fact, concurred in by court and master, and with the conclusion drawn therefrom, that the International Note & Mortgage Company has shown no right to the sum in question. We therefore dismiss its appeal, and affirm the decree below, in so far as it disallows the claim of the receivers of the International Note & Mortgage Company to $501,676, the balance alleged to be due on account of stock of the International Note & Mortgage Company sold by the Pennsylvania Dollings Company.

[2] We next consider the claim of the receivers of the International Note & Mortgage Company to a fund of $17,707, which the court below disallowed. In this we are of opinion the court erred, and its decree in that respect must be reversed, and the fund ordered paid to said receivers. Our reasons therefor are that the money was sent by the Dollings Company of Ohio to the Dollings Company of Pennsylvania, for the specific purpose of paying a dividend which it was intended to make on the stock of the International Note & Mortgage Company. When received by the Pennsylvania Company, it was not mingled with its funds, but was deposited in a special fund, and so remained until the receivership. Not having been applied to its designated purpose when the receivership came, we are unable to see by what means or in what manner any ownership of this trust fund accrued to the Pennsylvania Company. It came into the possession of the court, through its receiver, as an earmarked fund, which the court, on it being impossible to carry out the trust, should return to the source from which it came. Having been designated, when sent, as applicable to the affairs of the International Note & Mortgage Company, and there is no one else claiming or showing a title to it, we are of opinion that this court should carry out, as far as now possible, the trust under which it was received, by now ordering it paid to the receivers of the International Note & Mortgage Company.

The decree below will therefore be modified, by the approval of the claim of the International Note & Mortgage Company to this $17,707; and directing the receivers of the Pennsylvania Company to transfer and pay the same to the receivers of the International Note & Mortgage Company.