## WAYSON v. WHITE.

Circuit Court of Appeals, Third Circuit.
March 5, 1928.

No. 3665.

Corporations ⬥�longdash629—Claim to distributive portion of fund in hands of receiver of corporation held properly disallowed to one as assignee of shares, signatures of assignors not being attested or proven.

Claim of one as assignee of shares of stock of a corporation to a distributive portion of the fund in the hands of its receiver is properly disallowed, shares being held by thousands of unknown and ignorant persons throughout the state, there being no attestation of the signatures to the assignments, but merely a guaranty thereof by a corporation, which from its nature cannot be an attesting witness, and claimant, though given time therefor, offering no proof of the genuineness of the signatures.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Claim by George W. Wayson to a distributive portion of the fund in the hands of Thomas Raeburn White, as receiver of the R. L. Dollings Company, was disallowed by the master. From the decree of the District Court, on exceptions, sustaining the disallowance, claimant appeals. Affirmed.

George J. Edwards, Jr., of Philadelphia, Pa., for appellant.

Francis F. Burch and Reber, Granger & Montgomery, all of Philadelphia, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. This case arose in the distribution of the fund which the receiver salvaged from the wreck of R. L. Dollings Company, a Pennsylvania corporation and one link in a chain of corporations of like name organized to defraud the public by sales of stock. When the decision in Ober v. White (C. C. A.) 11 F.(2d) 833, authorizing the receiver of the Pennsylvania Dollings company to retain and distribute the money in his hands, was made and published, the many thousand defrauded stockholders of that Dollings corporation learned there would be some money returned to them and later they knew it would be at the rate of $13 a share. With this knowledge, the plaintiff appellant, a salesman working on commission for Industrial Bankers, Inc., a corporation of weak financial responsibility, canvassed the shareholders of the Pennsylvania Dollings company and offered to buy their shares in exchange for 30-year 8 per

cent. coupon debentures of that corporation, reckoned on the value of the Dollings shares at from $13 to $15, approximately the figure of the proposed distribution. The plaintiff acquired 284 shares in this way and presented them on a claim in his own name to the master for allowance and payment, though later he admitted they really belonged to the Industrial Bankers, Inc. The receiver objected to the allowance on the ground that they were not properly proved. The powers of attorney indorsed on the certificates were signed in blank, ostensibly by the certificate holders. None bore names of attesting witnesses but each bore an indorsement as follows: "Signature Guaranteed, Industrial Bankers, Inc., by W. P. Bishop, Pres."

The appellant, the only witness at the hearing in his behalf, offered no proof of the genuineness of the signatures of the alleged assignments; nor did he identify any of the signatures as being those of the holders of the certificates. The master disallowed the claim on a finding that while the plaintiff himself intended nothing wrong, the assignments were in legal effect procured by fraud. The District Court, on exceptions, sustained the disallowance but based its judgment on the ground that the assignments had not been properly proved, first giving the appellant 30 days within which to perfect his proofs, which he did not do.

On this appeal we affirm the action of the District Court. We think the appellant's right to a distributive portion of the fund is only such as he had acquired by assignment or transfer of the shares, and that his right thus claimed must be supported by some evidence of the validity of the instruments. As the assignments merely purported to be signed by the shareholders, the master and court, guarding trust funds and knowing full well that certificates for shares of the insolvent company were held by thousands of unknown and ignorant people throughout the State of Pennsylvania, could validly call for proof of the signatures of the assignors. The certificates contained within themselves no such proofs; and no proof outside themselves was forthcoming. The appellant evidently relied on the guaranty of signatures made by the corporation of Industrial Bankers as proof of the signatures. But a guaranty of a signature is a different thing from an attestation of a signature. It is in no sense an attestation by one who saw a signature made that it is the signature of the maker; it is only an undertaking on the part of the guarantor that if the signature is bad and loss

results it will be liable for the value of the shares, and its undertaking and consequent liability are as good in law when the guaranty is made after the signature has been subscribed as when made at the time it is subscribed. Moreover, a corporation from its very nature cannot be an attesting witness.

The decree is affirmed.